```
 1  Daniel J. Weintraub - Bar #132111
    James R. Selth - Bar #123420
 2  WEINTRAUB & SELTH, APC
    11766 Wilshire Boulevard, Suite 1170
 3  Los Angeles, CA 90025
    Telephone: (310) 207-1494
 4  Facsimile: (310) 442-0660

 5  Attorneys for Debtor
    and Debtor-In-Possession,
 6  RANCHO MALIBU, LLC

 7

 8              UNITED STATES BANKRUPTCY COURT

 9      CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO DIVISION

10

11  In re                          )  Case No. 1:10-bk-18138-GM
                                   )
12  RANCHO MALIBU, LLC,            )  Chapter 11
                                   )
13                                 )  DEBTOR'S MOTION TO APPROVE
                      Debtor.      )  COMPROMISE AND SETTLEMENT
14                                 )  AGREEMENT WITH EAST WEST BANK
                                   )  AND MUTUAL GENERAL RELEASE
15                                 )  AGREEMENT BETWEEN DEBTOR AND
                                   )  DIMES, LLC; MEMORANDUM OF POINTS
16                                 )  AND AUTHORITIES
                                   )
17                                 )  [Declarations of Hushmand
                                   )  Sohaili and Richard Weintraub
18                                 )  filed separately]
                                   )
19                                 )  [F.R.B.P. Rule 9019]
                                   )
20                                 )  Date: December 14, 2010
                                   )  Time: 10:00 a.m.
21                                 )  Place: Courtroom 303
                                   )         21041 Burbank Blvd.
22  _____)         Woodland Hills, CA

23

24      TO HONORABLE GERALDINE MUND, THE OFFICE OF THE UNITED STATES

25  TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

26      Rancho Malibu, LLC ("Debtor"), debtor and debtor-in-

27  possession in the above-captioned bankruptcy case, hereby moves

28  this Court for an order pursuant to Rule 9019 of the Federal Rules
```

1

of Bankruptcy Procedure ("FRBP") approving the compromise and settlement reached between the Debtor and East West Bank and authorizing the Debtor to enter into a Mutual General Release Between Debtor and Dimes, LLC (the "Motion").

The Settlement Agreement ("RM Settlement Agreement"), between Debtor and East West Bank ("EWB"), which is the subject of this Motion, resolves all claims between the Debtor and EWB. The RM Settlement Agreement provides for an exchange of releases, payment to the chapter 11 estate of $125,000 and grants EWB relief from stay with respect to the subject real property ("Property"). A full copy of the RM Settlement Agreement is attached to the Declaration of Richard Weintraub ("Weintraub Dec.") as **Exhibit "1"**.

The Mutual General Release Agreement (the "Dimes Release") with Dimes, LLC ("Dimes"), an economic member in the Debtor and a Chapter 11 debtor in its own case (case number 2:09-bk-25517-BR), resolves all disputes among these parties, including the elimination of the proof of claim filed by Dimes against Debtor alleging damages in the amount of $500,000. A full copy of the Dimes Release is attached to the Weintraub Dec. as **Exhibit "3"**.

The Motion has been set for hearing on December 14, 2010 at 10:00 a.m., the same date as EWB's Motion for Order Approving Relief from the Automatic Stay. Having the Motion heard on this date will minimize administrative expenses and enhance creditor recovery as it will avoid the need for the Debtor to file an opposition to the EWB Motion for Relief from the Automatic Stay.

The cash settlement with EWB is in the best interest of the estate and its creditors as there is no equity in the twenty-eight

(28) acres of raw land which is the estate's primary asset, EWB has moved the Court for relief from stay and the Debtor has no cash with which to retain special litigation counsel to prosecute its potential claims against EWB. Any litigation with EWB (necessarily stay relief litigation, plan confirmation litigation and equitable subordination litigation) would be protracted, costly and risky. In contrast, the settlement minimizes administrative expenses and ensures a recovery for creditors and the estate.

The RM Settlement Agreement generally provides as follows:

1. Upon the date that the order approving the Settlement Agreement becomes a final non-appealable order, Debtor releases all claims Debtor might otherwise have against EWB and its officers, employees, etc., and EWB shall pay the Debtor the sum of $125,000; and

2. Debtor stipulates to relief from stay in favor of EWB. Upon EWB's completion of its foreclosure sale on the Property, EWB releases the Debtor and its members and affiliates from any claims related to the loan made by EWB to the Debtor.

Contemporaneous with the filing of this Motion, Richard Weintraub ("Weintraub"), Hushmand Sohaili ("Sohaili"), REB Malibu, LLC ("REB"), Manhattan Partners, LLC ("Manhattan"), and Green Acres, LLC ("Green Acres"), an entity owned by Weintraub and Sohaili, are entering into an Option Agreement with EWB (**Exhibit "2"** to Weintraub Dec.). The Option Agreement calls for a release of these parties' claims against EWB, including claims made by Manhattan and Sohaili which are the subject of a pending lawsuit

3

in the Los Angeles County Superior Court alleging millions of dollars in damages, and requires such parties to pay EWB cash in the amount of $250,000, in exchange for the option to purchase the Property following foreclosure. As a related matter, Dimes is seeking approval before the Honorable Barry Russell of a Settlement Agreement between Dimes, REB, Weintraub, Manhattan and Sohaili (**Exhibit "4"** to Weintraub Dec.), and two separate Mutual Release Agreements (**Exhibits "5"** and **"6"** to Weintraub Dec.).

The Motion is made pursuant to Rule 9019 of the FRBP, and is based on the attached Memorandum of Points and Authorities and the concurrently filed Declarations of Hushmand Sohaili and Richard Weintraub and all pleadings and records on file in this case.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

1. Granting the Motion;
2. Directing the parties to comply with all terms of the RM Settlement Agreement;
3. Authorizing the Debtor to take any and all acts necessary to consummate the RM Settlement Agreement;
4. Authorizing the Debtor to enter into the Mutual General Release between the Debtor and Dimes, LLC; and
5. Granting such other and further relief as is just and appropriate in the circumstances.

Dated: November 23, 2010

WEINTRAUB & SELTH, APC

By_____
Daniel J. Weintraub
James R. Selth
Attorneys for Debtor and
Debtor-in-Possession,
RANCHO MALIBU, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.  Introduction**

Rancho Malibu, LLC (hereinafter sometimes referred to as "Debtor" and/or "Rancho Malibu"), is the debtor and debtor in possession in the above-captioned Chapter 11 case, which was commenced by the filing of an emergency petition on July 6, 2010. Debtor filed its Schedules and Statement of Financial Affairs on July 20, 2010, and continues to serve as a debtor in possession under the Bankruptcy Code.  The Debtor's chapter 11 case is a "single asset real estate" bankruptcy case under the Code.

The RM Settlement Agreement, which is the subject of this Motion, resolves extremely costly and uncertain litigation and results in an immediate recovery for the estate.  The cash settlement is in the best interest of the estate based on the following facts: 1) there is no equity in the twenty-eight (28) acres of raw land, which is the estate's primary asset; 2) the Debtor has no cash flow; 3) EWB has moved the Court for relief from stay; 4) the only basis for opposing that motion would be to prosecute litigation against EWB and an effort to confirm a contested plan over the opposition of EWB; and 5) the Debtor has no present ability to retain special litigation counsel to prosecute its claims against EWB.  Further, while any litigation with EWB (necessarily stay relief litigation, plan confirmation litigation and equitable subordination litigation) would be protracted, costly and risky, the settlement ensures a recovery for the estate.  Given the benefits of the Settlement Agreement

and the likely adverse consequences to the estate if it is not approved, this Motion should be approved.

B. **Debtor's Assets**

The Debtor's primary asset consists of approximately twenty-eight (28) acres of unimproved land in Malibu, California (the "Property"), upon which the Debtor's management proposed to build a luxury hotel. As a result of the recession and accompanying disastrous decline in real estate markets throughout Southern California, and a water moratorium recently imposed by California Regional Water Quality Control Board, Los Angeles Region, which directly affects the Property, the Debtor estimates the current fair market value of the Property to be between $6 million and $7 million dollars. EWB has filed an appraisal in support of its Motion for Relief from the Automatic Stay which values the Property at $17,600,000, but Debtor believes that appraisal over values the property because, among other reasons, it does not factor in the water moratorium, it relies on misleading or irrelevant comparable sales and misrepresents and misunderstands a nearby sale.

The Debtor's only other assets of any consequence[1] are the disputed claims it has against East West Bank ("EWB"), for equitable subordination of EWB's claim, transfer of EWB's lien to the Debtor's estate and/or the complete disallowance of the EWB claim. Debtor alleges that EWB wrongfully interfered with the sale of the Property by extending the maturity date of the

---

[1] The Debtor also claims ownership of certain plans, designs and other intellectual property pertaining to the design of the hotel, however ownership of such intellectual property is disputed by the design professionals.

Debtor's pre-petition loan from EWB, without the consent of Manhattan Partners, LLC ("Manhattan"), or its principal, Hushmand Sohaili ("Sohaili"), and in order to benefit Richard Weintraub ("Weintraub") and his entity REB Malibu, LLC ("REB") ("Rancho Malibu EWB Claims"). Debtor alleges that such actions caused damage to the Debtor, its other members and its creditors. The Debtor, contends that certain causes of action against EWB belong to the bankruptcy estate. EWB, Weintraub and REB dispute the Rancho Malibu EWB Claims.

The estate currently has approximately $1,000 in cash and no cash with which to retain counsel to prosecute the Rancho Malibu EWB Claims or expert witnesses.

C. **The Debtor's Liabilities.**

EWB is the Debtor's largest creditor and holds a claim in excess of $22,000,000,[2] which is secured by a first priority deed of trust encumbering the Property. Accordingly, there is no equity in the Property for the estate. On September 10, 2010, EWB filed its Notice of Motion and Motion for Relief from the Automatic Stay ("Stay Motion"). The hearing on EWB's Motion for Relief from Stay was initially calendared for October 5, 2010, but has been continued several times on stipulation among the parties. The hearing on the Stay Motion is currently scheduled for hearing on December 7, 2010 at 10:00 a.m.

In addition to the debt owed to EWB, the Debtor owes

---

[2] Pursuant to paragraph 22 of the <u>Declaration of Robert Lo</u>, Senior Vice President of the Corporate Banking Division of EWB, filed in support of the Stay Motion, as of July 5, 2010, the balance due to EWB under its loan agreement, loan and deed of trust is approximately $22,489,189.61. The Debtor believes this balance amount to be substantially correct.

approximately $126,000.00 in past due real property taxes and scheduled approximately $1.2 million dollars of claims of design professionals secured by the plans they prepared. The Debtor's scheduled general unsecured creditor claims total approximately $3.3 million dollars, of which approximately $2,550,000.00 million dollars of which are held by Manhattan, Sohaili, REB or Weintraub. Manhattan and REB, along with Dimes, LLC ("Dimes"), the chapter 11 debtor in the bankruptcy case identified by case number 2:09-bk-25517-BR, which is presently pending in the United States Bankruptcy Court for the Central District of California, are the members of the Debtor. Dimes filed a claim in the amount of $500,000.00, which Debtor disputes.

D.  **The RM Settlement Agreement**

The RM Settlement Agreement principally provides that (a) when the Settlement Agreement becomes effective, Debtor releases claims against EWB and its officers, employees, etc., and EWB shall pay the Debtor the sum of $125,000; and (b) Debtor stipulates to relief from stay in favor of EWB. Upon EWB completing its foreclosure sale on the Property, EWB releases the Debtor and its members and affiliates from any claims related to the loan made by EWB to the Debtor.

E.  **The Mutual General Release Agreement**

The Mutual General Release Agreement (the "Dimes Release") with Dimes resolves all disputes among the parties, including the elimination of the proof of claim filed by Dimes against Debtor alleging damages in the amount of $500,000. The Debtor is not

8

aware of any claims it has against Dimes.

**F.    The Multi Party Compromise.**

The Debtor, EWB, Dimes, Manhattan, REB, Weintraub and Sohaili (collectively, "Settling Parties"), have recently reached independent and interlocking settlement agreements (collectively, "Multi Party Settlements"), which resolve substantially all disputes among them. Attached to <u>Declaration of Richard Weintraub</u> are true and correct copies of the following documents:

| | |
|---|---|
| **Exhibit 1** | **Settlement Agreement** (between Rancho Malibu, LLC and East West Bank); |
| **Exhibit 2** | **Option Agreement** (between East West Bank, Hushmand Sohaili, Manhattan Partners, LLC, Richard E. Weintraub, REB Malibu, LLC and Green Acres, LLC); |
| **Exhibit 3** | **Mutual General Release Agreement** (between Rancho Malibu, LLC, and Dimes, LLC); |
| **Exhibit 4** | **Settlement Agreement** (between East West Bank, Dimes, LLC, REB Malibu, LLC, Richard Weintraub, Manhattan Partners, LLC and Hushmand Sohaili); |
| **Exhibit 5** | **Mutual Release Agreement** (between Dimes, LLC, REB Malibu, LLC, Richard Weintraub, Manhattan |

9

| | |
|---|---|
| | Partners, LLC, and Hushmand Sohaili); and |
| **Exhibit 6** | **Mutual Release Agreement** (between Dimes, LLC and East West Bank). |

The Multi Party Compromise, which is documented in **Exhibits 1-6** to the <u>Declaration of Richard Weintraub</u> filed in support of the Motion, provides a structure for the settlements of multiple disputes amongst the non-debtor parties.

Contemporaneous with the filing of this Motion by the Debtor, Dimes is seeking approval of the Mutual General Release Agreement between Rancho Malibu and Dimes (**Exhibit 3**), the Settlement Agreement between EWB, Dimes, REB, Weintraub, Manhattan and Sohaili (**Exhibit 4**), the Mutual Release Agreement between Dimes, REB, Weintraub, Manhattan and Sohaili (**Exhibit 5**), and the Mutual Release Agreement between Dimes and EWB (**Exhibit 6**), before the Honorable Barry Russell.

The RM Settlement Agreement and Dimes Release are critical components of the Multi Party Compromise among the Debtor, EWB, Dimes and the Debtor's principals which benefits the estate and its creditors by avoiding risk, generating cash and reducing administrative claims.

## III.

### LEGAL AUTHORITIES

**A.    The Court Should Approve the Agreement Pursuant to Bankruptcy Rule 9019(a).**

Rule 9019(a) of the FRBP provides that:

> "On motion by the [debtor in possession] and after notice and hearing, the court may approve a compromise

or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." Woodson v. Fireman's Funds Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1380-81 (9th Cir. 1986). Accordingly, in approving a settlement agreement, the Court need not conduct an exhaustive investigation of the claims sought to be compromised. See United States v. Alaska National Bank (In re Walsh Constr., Inc.) 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair and equitable. See In re A & C Properties, supra, 784 F.2d at 1381.

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair and equitable:

(a) the probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it;

(d) the paramount interest of the creditors and a proper deference to their reasonable view.

In re A & C Properties, *supra*, 784 F.2d at 1381 (the A & C Factors").

Consideration of these factors does not require the Court to determine whether a settlement presented is the best one that could possibly have been achieved. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness." Newman v. Stein, 464 F.2d 689, 698 (2d Cir. (1972) (emphasis added), cert. Denied sub nom Benson v. Newman, 409 U.S. 1039 (1972); see also Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Services, Inc.) 762 F.2d 185, 189 (2d Cir. (1985); Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied 464 U.S. 822 (1983). Finally, although the Court should give deference to the reasonable views of creditors, "objections do not rule. It is well established that compromises are favored in bankruptcy." In re Lee Way Holding Co., 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

In this case, the A&C Factors have the following application:

**(a) The probability of success in the litigation;**

The Debtor's probability of success is not certain with respect to the defense of the Stay Motion, a plan confirmation battle or the prosecution of the Rancho-EWB Claims. A further complication is the Debtor's current lack of financial resources to retain counsel or expert witnesses needed to prosecute the Rancho Malibu EWB Claims. In contrast, pursuant to the RM

Settlement Agreement, with none of the risks or costs attendant to litigation, the Debtor will receive $125,000 and a release of claims from EWB.

**(b) The difficulties, if any, to be encountered in the matter of collection;**

If the Debtor prevailed in its litigation with EWB, collection would not be an issue, although appeals could substantially delay collection. The real challenge is in the Debtor's ability to prosecute claims without a significant infusion of cash. The RM Settlement Agreement provides cash with no collection risk for payment to unsecured creditors.

**(c) The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it;**

All litigation is costly and inconvenient. The litigation of the Rancho Malibu EWB Claims, stay relief and plan confirmation are each extremely complex, would involve massive discovery of the parties to the litigation and several third parties and would likely take years to resolve. There is also a risk that the Debtor could litigate for years and never recover a dime. The RM Settlement Agreement eliminates the delay and costs of litigation and provides a certain recovery for the estate on complex claims that would be vigorously contested by EWB, among others.

**(d) The paramount interest of the creditors and a proper deference to their reasonable view.**

Debtor does not believe that any creditor can reasonably complain about the RM Settlement Agreement since it appears EWB could obtain relief from stay to foreclose on the Property, eliminating any recovery. In contrast, the settlement results in

a liquidated sum certain payable to the estate for its creditors and will reduce ongoing administrative expenses. The Debtor has no other assets which it could liquidate to produce a distribution to creditors or fund litigation. Accordingly, it seems impossible that a creditor could claim that a better result could be obtained in litigation or that the RM Settlement is not in the best interest of creditors.

## IV.

## CONCLUSION

For all of the foregoing reasons the Debtor requests that this Motion be approved.

Dated: November 23, 2010

WEINTRAUB & SELTH, APC

By /s/
Daniel J. Weintraub
James R. Selth
Attorneys for Debtor and
Debtor-in-Possession,
RANCHO MALIBU, LLC

| In re: RANCHO MALIBU, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-18138-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11766 Wilshire Blvd., Ste. 1170, Los Angeles, California 90025. A true and correct copy of the foregoing document: MOTION TO APPROVE COMPROMISE AND SETTLEMENT AGREEMENT WITH EAST WEST BANK AND MUTUAL GENERAL RELEASE AGREEMENT BETWEEN DEBTOR AND DIMES, LLC; MEMORANDUM OF POINTS AND AUTHORITIES will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 23, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Lance N Jurich   ljurich@loeb.com, kpresson@loeb.com
- Stuart I Koenig   Skoenig@cmkllp.com
- David M Poitras   dpoitras@jmbm.com
- S Margaux Ross   margaux.ross@usdoj.gov
- James R Selth   jim@wsrlaw.net, charles@wsrlaw.net
- Derrick Talerico   dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Daniel J Weintraub   dan@wsrlaw.net, charles@wsrlaw.net;erika@wsrlaw.net

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On November 23, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Rancho Malibu, LLC
24111 Pacific Coast Highway
Malibu, CA 90265

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 23, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Delivery to Chambers of the Honorable Geraldine Mund, United States Bankruptcy Court, San Fernando Division

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 23, 2010 | Erika Hallrud | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

NATURAL RESOURCES SPA CONSULTING INC
319 EAST 78TH STREET SUITE 4A
NEW YORK NY 10075-9021

PARKITECTS INC A CORP
C/O ALAN D WILNER APC
847 NO HOLLYWOOD WAY STE 201
BURBANK CA 91505-2845

PAUL HASTINGS JANOFSKY AND WALKER LLP
515 SOUTH FLOWER STREET 25TH FLOOR
LOS ANGELES CA 90071-2228

PCR SERVICE CORPORATION
233 WILSHIRE BLVD SUITE 130
SANTA MONICA CA 90401-1217

PETE RYAN
MBV LAW LLP
855 FRONT ST
SAN FRANCISCO CA 94111-1411

PSOMAS
Attn Debra Lambeck
555 SOUTH FLOWER ST SUITE 4400
LOS ANGELES CA 90071-2416

RICHARD AND LIANE WEINTRAUB
PO BOX 6528
MALIBU CA 90264-6528

RICHARD H PENNER
CORNELL UNIVERSITY
248 STATLER HALL
ITHACA NY 14853-6902

ROBERT D ROSSO
141 DUESENBERG DR SUITE 15A
WESTLAKE VILLAGE CA 91362-1268

ROWLEY INTERNATIONAL INC
PETER L WEINBERGER
10960 WILSHIRE BLVD STE 1225
LOS ANGELES CA 90024-3703

SAMUEL J MUIR
COLLINS COLLINS MUIR AND STEWART LLP
1100 EL CENTRO ST
SOUTH PASADENA CA 91030-5213

STEVEN H SCHWARTZ
SCHWARTZ AND JANZEN LLP
12100 WILSHIRE BLVD SUITE 1125
LOS ANGELES CA 90025-7134

STO DESIGN GROUP INC
2500 REDHILL AVE SUITE 205
SANTA ANA CA 92705-5518

THE MARSHALL ASSOCIATES
TRIBUNE TOWER
409 13TH ST SUITE 1300
OAKLAND CA 94612-2605

VALLEYCREST LANDSCAPE DEVELOPMENT INC
24151 VENTURA BLVD
CALABASA CA 91302-1449

VAN BEVEREN AND BUTELO INC
706 W BROADWAY SUITE 201
GLENDALE CA 91204-1032

VENEKLASEN ASSOCIATES
1711 SIXTEENTH STREET
SANTA MONICA CA 90404-4401

WEBER AND BAER
2029 CENTURY PARK EAST SUITE 1400
LOS ANGELES CA 90067-2915

WEINTRAUB FINANCIAL SERVICES INC
PO BOX 6528
MALIBU CA 90264-6528

AKIN GUMP LLP
2029 CENTURY PARK EAST SUITE 2400
LOS ANGELES CA 90067-3010

AMEC GEOMATRIX INC
2101 WEBSTER STREET 12TH FLOOR
OAKLAND CA 94612-3066

AMEC GEOMATRIX INC
510 SUPERIOR AVENUE
NEWPORT BEACH CA 92663-3663

BAMO INC
510 THIRD STREET
SAN FRANCISCO CA 94107-6812

BIOSOLUTIONS INCORPORATED
5310 DERRY AVE SUITE E
AGOURA HILLS CA 91301-4565

Bambo Incorporated
c/o L Peter Ryan Esq
855 Front St
San Francisco, CA 94111-1411

CP OHALLORAN ASSOCIATES INC
2659 TOWNSGATE ROAD SUITE 213
WESTLAKE VILLAGE CA 91361-2792

Dimes, LLC
c/o Louis A. Cicalese
12121 Wilshire Blvd., Suite 200
Los Angeles, CA 90025-1164

ENSITU ENGINEERING
685 MAIN STREET SUITE A
MORRO BAY CA 93442-2272

FRANCHISE TAX BOARD
ATTENTION BANKRUPTCY
PO BOX 2952
SACRAMENTO CA 95812-2952

FREEDMAN AND TAITELMAN LLP
1901 AVENUE OF THE STARS SUITE 500
LOS ANGELES CA 90067-6027

GAMES AND STACEY LLP
16633 VENTURA BLVD SUITE 1220
ENCINO CA 91436-1872

GREENWORKS STUDIO
5150 WILSHIRE BLVD
LOS ANGELES CA 90036-4303

GREGORY L DOLL
DOLL AND AMIR LLP
1888 CENTURY PARK EAST SUITE 1106
LOS ANGELES CA 90067-1715

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

JAMES HYATT STUDIO
PO BOX 57515
LOS ANGELES CA 90074-7515

LANG LIGHTING DESIGN INC
4645 N CENTRAL EXPRESSWAY SUITE 120
DALLAS TX 75205-7325

LAW OFFICES OF ASHA DHILLON
1880 CENTURY PARK EAST SUITE 315
LOSANGELESCA 90067-1631

LOS ANGELES COUNTY TAX COLLECTOR
PO BOX 54018
LOS ANGELES CA 90054-0018

MANHATTAN PARTNERS LLC
704 18TH ST
SANTA MONICA CA 90402-3020

MATT CONSTRUCTION CORPORATION
9814 NORWALK BLVD SUITE 100
SANTA FE SPRINGS CA 90670-2997