Daniel J. Weintraub - Bar #132111
James R. Selth - Bar #123420
WEINTRAUB & SELTH, APC
11766 Wilshire Blvd., Suite 1170
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660

Attorneys for Debtor
and Debtor-In-Possession,
RANCHO MALIBU, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY

| | |
|---|---|
| In re<br><br>RANCHO MALIBU, LLC,<br><br>　　　　Debtor. | Case No. 1:10-bk-18138-GM<br><br>Chapter 11<br><br>**CONFIRMATION MEMORANDUM IN SUPPORT OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION; DECLARATION OF DANIEL J. WEINTRAUB**<br><br>Date:　June 21, 2011<br>Time:　10:00 a.m.<br>Place:　Courtroom 303<br>　　　　21041 Burbank Blvd.<br>　　　　Woodland Hills, CA |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE:**

　　Rancho Malibu, LLC, the chapter 11 debtor and debtor-in-possession ("Debtor" or "RM"), hereby submits its Confirmation Memorandum in Support of Debtor's First Amended Plan of Reorganization and requests that the Court enter an order approving confirmation of Debtor's Plan of Reorganization (the "Plan").

1

I.

**INTRODUCTION**

Under the Plan, the Debtor will distribute the $125,000.00 in cash proceeds which it received from the global settlement (the "RM Settlement"), reached with its former secured creditor, East West Bank ("EWB") whereby EWB foreclosed on the Debtor's real property asset (the "Property"). The RM Settlement was approved by the Court by the Order entered on December 16, 2010 (**Docket No. 78**). The Plan also provides that in exchange for the agreement of Weintraub Financial Services, REB Malibu, LLC ("REB"), and Manhattan Partners, LLC ("Manhattan") to not assert (a) administrative priority claims for the amounts advanced to fund the costs of administering the Debtor's Chapter 11 case, including without limitation attorneys' fees and costs of the Debtor's counsel, which totaled more than $160,000.00, or (b) general unsecured claims which total in excess of $2,600,000.00, the Debtor shall assign and transfer to REB and Manhattan, the Debtor's two members, all of the Debtor's right, title and interest in, to and arising out of all assets of every kind relating directly or indirectly to the development or land use entitlements (if any) related to the Property formerly owned by the Debtor.

//
//
//
//
//
//

## II.

## **SUMMARY OF THE PLAN AND BALLOTING**

**A. Treatment of creditors**

    **1. Administrative Claims**

    Administrative claimants do not vote on the Plan. However, the Plan provides proper and adequate treatment of these claims such that the Plan should be confirmed. Administrative claims to be paid under the Plan include the following: (1) Office of the United States Trustee ("UST"); and (2) Weintraub & Selth, APC (WS), general bankruptcy counsel for the Debtor. As part of the Plan, administrative claims of the Debtor's members for reimbursement of payments to Debtor's bankruptcy counsel are waived.

    **2. Priority Claims**

    There are no priority claims.

    **3. Classified Claims**

    Classes 1 and 2 are impaired. However, only Class 1 is entitled to vote on the Plan. Class 1 voted to accept the Plan[1]. Classes 2 is deemed to have rejected the Plan.

        **a. Class 1**

    Class 1 consists of general unsecured creditors. Class 1 will receive an approximate 4.4% distribution under the Plan.

        **c. Class 2**

    Class 2 consists of equity interest holders. Class 2 members shall have all rights and duties terminated.

---

[1] BAMO, Inc. cast a "rejection" ballot which is subject to Debtor's Motion to Designate and Disallow Ballot.

# III.

## THE PLAN SHOULD BE CONFIRMED AS IT SATISFIES ALL OF THE REQUIREMENTS FOR CONFIRMATION

**A.  THE PLAN COMPLIES WITH THE PROVISIONS OF 11 U.S.C. § 1129(a)**

    **1.1  The Plan Complies With The Applicable Provisions Of Title 11--11 U.S.C. § 1129(a)(1)**

Section 1129(a)(1) of Title 11 of the United States Code (the "Bankruptcy Code") provides that a Court may confirm a plan of reorganization only if "the plan complies with the applicable provisions of this title." The phrase "applicable provisions" means Bankruptcy Code sections 1122 and 1123, which govern the classification of claims and interests, and the contents of a plan of reorganization. See In re Dow Corning Corp., 244 B.R. 634 (Bankr. E.D. Mich. 1999); Kane v. Johns-Manville Corp., 843 F.2d 636, 648-9 (2nd Cir. 1988); 5 Collier on Bankruptcy ¶1129.03 (L. King 15th ed. rev. 2000); and H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 412 (1977) ("Paragraph (1) requires that the plan comply with the applicable provisions of chapter 11, such as sections 1122 and 1123, governing classification and contents of plan"). Accordingly, the Court may confirm the Debtor's Plan only if the Plan complies with Bankruptcy Code sections 1122 and 1123.

    **1.1.1  11 U.S.C. § 1122 - Classification Of Claims And Interests**

Bankruptcy Code section 1122 governs the classification of claims and interests. Section 1122(a) requires that a plan "place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests

4

in such class."

The Plan contains 2 classes.  Class 1 consists of general unsecured creditors.  Class 2 consists of equity interest holders.

### 1.1.2    11 U.S.C. § 1123 Of The Bankruptcy Code - Contents Of The Plan

#### a.  **Mandatory Provisions Of The Plan -- 11 U.S.C. § 1123(a)**

A plan must also comply with the seven (7) mandatory requirements of Bankruptcy Code section 1123(a)(1) through (7).

Bankruptcy Code section 1123(a)(1) requires that a plan designate classes of claims, other than claims of a kind specified in Bankruptcy Code sections 507(a)(1), (a)(2) and (a)(8).  The Plan does designate classes of claims and meets the requirements of Bankruptcy Code Section 1123(a)(1).

Bankruptcy Code section 1123(a)(2) requires that a plan specify any class of claims or interests which is not impaired under the Plan; and Bankruptcy Code section 1123(a)(3) requires that a plan specify the treatment of any class of claims or interests that is impaired under the Plan.  The Plan complies with each of these Code sections.  Article III of the Plan identifies each class of creditors and interest holders, identifies those which are impaired and unimpaired under the Plan and specifies the treatment of each impaired class.  Therefore, the Plan meets the requirements of Bankruptcy Code Sections 1123(a)(2) and 1123(a)(3).

Bankruptcy Code section 1123(a)(4) requires that a plan provide the same treatment for each claim or interest of a particular class unless the holder of a particular claim or

interest agrees to a less favorable treatment of such particular claim or interest. All claim and interest holders receive identical treatment under the Plan as the other claims or interests within each class. The Plan meets the requirements of Bankruptcy Code section 1123(a)(4).

Bankruptcy Code section 1123(a)(5) requires that a plan provide adequate means for execution of the Plan. Article III.D. of the Plan adequately explains that Debtor will have the means for execution of the Plan, which will be entirely funded from cash on hand on the Effective Date. Bankruptcy Code Section 1132(a)(5) is satisfied.

Bankruptcy Code section 1123(a)(6) provides that a plan shall prohibit the issuance of nonvoting equity securities and provide as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes. The plan does not issue any nonvoting equity securities. The Plan provides that on the Effective Date, all equity interest and related rights and duties under Debtor's Operating Agreement shall be terminated.

Bankruptcy Code section 1123(a)(7) requires that a plan contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan. Article III.D.1. of the Plan provides that upon the Effective Date, the Reorganized Debtor shall be managed by REB and Manhattan equally and solely for the purpose of winding down and the dissolving the Debtor. It is in the best interest of creditors, equity security holders and public policy

to continue with the current management for this purpose.

### b. Permissive Provisions Of The Plan -- 11 U.S.C. §1123(b)

Bankruptcy Code section 1123(b) provides that various provisions may appear in the plan.

Bankruptcy Code section 1123(b)(1) provides that a plan may impair or leave unimpaired any class of claims, whether secured or unsecured. Article III of the Plan identifies the impaired and unimpaired claims.

Bankruptcy Code section 1123(b)(2) specifies that, subject to Bankruptcy Code section 365, a plan may provide for the assumption, rejection or assignment of any executory contract or unexpired lease that a debtor has not previously rejected. Article III.F. of the Plan provides that as of the Effective Date all executory contracts and unexpired leases are rejected.

Bankruptcy Code section 1123(b)(3) provides that a Plan may provide for the retention and enforcement by the debtor of any claim or interest belonging to the debtor or the estate. Article III.G. of the Plan provides that all claims, causes of action and recoveries on such claims of the Debtor and its estate are preserved by the Plan, and the Reorganized Debtor shall have the full power and authority to file, prosecute, settle, adjust, retain, enforce or abandon any such Claim or cause of action as the representative of the Debtor's estate under section 1123(b) of the Bankruptcy Code or otherwise. Bankruptcy Code section 1123(b)(5) permits a debtor, through its plan, to modify the rights of holders of secured claims. There are no secured claims remaining in this case to be administered under the Plan.

7

## 1.2 The Debtor, As Proponent Of The Plan, Has Complied With The Applicable Provisions Of Title 11 -- (11 U.S.C. § 1129(a)(2))

Bankruptcy Code section 1129(a)(2) provides that a Court may confirm a plan only if "[t]he proponent of the plan complies with applicable provisions of this title." The "principal purpose of Section 1129(a)(2) is to assure that the proponents have complied with the requirements of section 1125 in the solicitation of acceptances to the plan." In re Texaco, Inc., 84 B.R. 893, 906-7 (Bankr. S.D.N.Y. 1988). The other "applicable provisions" are Bankruptcy Code sections 1121 and 1127. In re Downtown Inv. Club III, 89 B.R. 59, 65 (B.A.P. Bankr. 9th Cir. 1988).

### 1.2.1    11 U.S.C. § 1121 - The Debtor May File A Plan Of Reorganization

Bankruptcy Code section 1121(a) provides that a debtor may file a plan of reorganization at any time in a voluntary case. Bankruptcy Code section 101(11) defines "debtor" as a person "concerning which a case under this title has been commenced."

The Debtor in this case is clearly within the definition of a "debtor" under the Code and therefore has authority to file the Plan pursuant to Bankruptcy Code section 1121(a).

### 1.2.2    11 U.S.C. § 1125 - Post-Petition Disclosure And Solicitation

Bankruptcy Code section 1125(b) provides, in part, that:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement

approved, after notice and a hearing, by the court as containing adequate information.

On May 10, 2011, after a properly noticed hearing, the Court approved the Disclosure Statement. In accordance with the Court's Order Approving Disclosure Statement, acceptances of the Plan were solicited in a mailing to all creditors on May 10, 2011, which included a copy of the Plan, the approved Disclosure Statement Describing Chapter 11 Plan of Reorganization and Plan of Reorganization ("Amended Plan and Disclosure Statement") and a ballot. Plan acceptances were not solicited before that time. Therefore, the Debtor has fully complied with the applicable provisions of Bankruptcy Code section 1125, and the Plan complies with the provisions of Bankruptcy Code section 1129(a)(2).

### 1.3 The Plan Has Been Proposed In Good Faith -- (11 U.S.C. § 1129(a)(3))

Bankruptcy Code section 1129(a)(3) requires that a plan proponent propose a plan "in good faith and not by any means forbidden by law."

In order to meet the "good faith" standard, a plan proponent's plan of reorganization must achieve a "result consistent with the objectives of the Bankruptcy Code." In re Corey, 892 F.2d 829, 835 (9th Cir. 1989). See also In re Stolrow's Inc., 84 B.R. 167, 172 (B.A.P. 9th Cir. 1988); Jorgensen v. Federal Land Bank of Spokane (In re Jorgensen), 66 B.R. 104, 109 (B.A.P. 9th Cir. 1986). Good faith "requires a fundamental fairness in dealing with one's creditors." In re Stolrow's Inc., supra, 84 B.R. at 172.

The existence or non-existence of "good faith" is to be

assessed by the bankruptcy judge who, in rendering that evaluation, is to consider the totality of the circumstances. <u>In re Jorgensen</u>, <u>supra</u>, 66 B.R. at 108-9. The bankruptcy judge's evaluation of "good faith" is a question of fact and will not be disturbed on appeal unless clearly erroneous. <u>See</u> <u>In re Koelbl</u>, 751 F.2d 137, 139 (2nd Cir. 1984).

Throughout this Chapter 11 case, Debtor worked diligently to piece together a Plan which would provide a return for the creditors of this estate. As a result of Debtor's efforts, creditors voted in favor of the Plan and shall receive a distribution which exceeds what they would have received in a liquidation under chapter 7.

In view of the foregoing, Debtor submits that the Plan satisfies the "good faith" test in the manner in which it deals with the claims of the Debtor's creditors.

**1.4   All Payments Made Or To Be Made For Services Or For Costs And Expenses In, Or In Connection With, The Case Or The Plan Have Been Approved By Or Are Subject To Approval By The Court -- (11 U.S.C. §1129(a)(4))**

Bankruptcy Code section 1129(a)(4) provides the Court shall confirm a plan only if "[a]ny payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable." In other words, a debtor must disclose to the Court all professional fees and expenses and such fees and expenses must be subject to Court

approval. In re Texaco, Inc., 85 B.R. 934, 939 (Bankr. S.D.N.Y. 1988).

All payments to professionals in this case shall be made in accordance with the Bankruptcy Code and Federal and Local Rules of Bankruptcy Procedure. All pre-confirmation fees and costs are subject to Court approval following notice to creditors. Therefore, the Plan meets the requirements of Bankruptcy Code section 1129(a)(4).

**1.5 The Identities And Affiliations Of Individuals Proposed To Serve As Officers And Directors Of The Reorganized Debtor Have Been Disclosed, And Such Appointments Are Consistent With The Interests of Creditors and Equity Security Holders And With Public Policy -- (11 U.S.C. § 1129(a)(5))**

Bankruptcy Code section 1129(a)(5) provides that the Court shall confirm a Plan only if "[t]he proponent of the plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the debtor." This requirement has been satisfied. Article III.D. of the Plan provides that upon the Effective Date, the Reorganized Debtor continues to be managed by REB and Manhattan equally. Accordingly, the Plan complies with Bankruptcy Code section 1129(a)(5).

**1.6 11 U.S.C. § 1129(a)(6) Is Not Applicable To This Case Because No Regulatory Commission Sets Rates For The Debtor**

Bankruptcy Code section 1129(a)(6) requires that the appropriate regulatory commission, if any, must approve any rate

changes a plan of reorganization provides, or a plan of reorganization must expressly condition any rate changes upon such approval.  This section is inapplicable to the Plan because this is a liquidating Plan and Debtor is not subject to any governmental regulatory approval regarding rates.

**1.7  The Plan Meets The "Best Interests Test" -- 11 U.S.C. § 1129(a)(7))**

Bankruptcy Code section 1129(a)(7) requires that a plan of reorganization meet the so-called "Best Interest" test. Under the "Best Interest" test, each holder of an impaired claim or interest must either accept the plan or the plan must provide for a distribution to each holder of an impaired claim or interest, property of a value, as of the Effective Date of the plan, that is not less than the amount that such holder would receive if the debtor were liquidated under chapter 7 of the Bankruptcy Code. Kane v. Johns-Manville Corp., supra, 843 F.2d at 1460; In re Victory Construction Co., Inc., 42 B.R. 145, 151 (Bankr. C.D. Cal. 1984).

As set forth in the summary of ballots in the attached Declaration of Daniel J. Weintraub, all ballots cast by holders of impaired claims voted to accept the plan, except for two[2]. Class 1 will receive a 4.4% distribution. As set forth in the Plan and Disclosure Statement, Class 1 would receive no distribution at all in a Chapter 7 liquidation. The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(7).

//

---

[2] One of which is subject to a motion to designate and disallow.

**1.8    Acceptance Of The Plan -- 11 U.S.C. § 1129(a)(8)**

Bankruptcy Code section 1129(a)(8) requires that in order to confirm a plan of reorganization, without satisfying the cramdown provisions of Bankruptcy Code section 1129(b), each impaired class must accept the plan. In this case, Class 1 voted to accept the Plan while Class 2 is not entitled to vote.

**1.9    Inapplicability of 11 U.S.C § 1129(a)(9)**

Bankruptcy Code Section 1129a(a)(9) requires that priority claims receive special treatment. There are no priority claims.

**1.10 At Least One Impaired Class Must Accept The Plan -- (11 U.S.C. § 1129(a)(10))**

If a plan impairs one or more classes of claims, Bankruptcy Code section 1129(a)(10) requires that at least one such impaired class accept a plan. For purposes of section 1129(a)(10), an impaired class' acceptance of the plan may not include acceptances of insiders, as defined by 11 U.S.C. §101. See In re Arnold, 806 F.2d 937, 940 n.2 (9th Cir. 1986); Century Glove, Inc. v. First American Bank of New York, 860 F.2d 94, 99 (3rd Cir. 1988).

A summary of the ballots is set forth in the Declaration of Daniel J. Weintraub attached hereto. Class 1 has voted to accept the Plan.

**1.11 The Plan Is Feasible -- (11 U.S.C. § 1129(a)(11))**

Bankruptcy Code section 1129(a)(11) requires the Court to determine that confirmation of the plan is not "likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." In order to meet this feasibility standard, a debtor

13

1 "must demonstrate that the (p)lan has a reasonable probability of
2 success." In re Acequia, Inc., 787 F.2d 1352, 1364 (9th Cir.
3 1986).

4     This Plan is simple and straightforward. It provides for the
5 distribution of cash on hand to creditors in accordance with the
6 priority scheme of the Code. The source of funding for the Plan
7 is cash currently on hand on the Effective Date. Accordingly,
8 Debtor submits the Plan is feasible.

9     **1.12 The Plan Provides For The Payment Of All Bankruptcy Fees**
10         **-- (11 U.S.C. § 1129(a)(12))**

11     Bankruptcy Code section 1129(a)(12) requires that all fees
12 payable pursuant to section 1930 of Title 28, as determined by the
13 Court at a hearing on confirmation of a plan, have been paid or
14 the plan provides for the payment of all such fees on the
15 effective date of the plan. The Debtor's Plan meets this
16 requirement by providing for the payment of all such fees on the
17 Effective Date of the Plan.

18     **1.13 Inapplicability of 11 U.S.C. § 1129(a)(13), (14, (15)**
19         **and (16)**

20     Bankruptcy Code sections 1129(a)(13), (14), (15) and (16) do
21 not apply to Debtor.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

14

## IV.

## **CONCLUSION**

Based on the foregoing, debtor respectfully submits that the Plan meets each and every requirement for confirmation pursuant to 11 U.S.C. § 1129, and therefore respectfully requests that the court confirm the Plan.

Dated: June 14, 2011

WEINTRAUB & SELTH, APC

Daniel J. Weintraub
James R. Selth
Attorneys for Debtor and
Debtor-In-Possession,
RANCHO MALIBU, LLC.

# DECLARATION OF DANIEL J. WEINTRAUB

I, Daniel J. Weintraub, hereby declare:

1. I am an attorney at law, duly licensed to practice before this Court. Each of the facts contained in this declaration are based on my personal knowledge and if called as a witness, I could and would competently testify thereto.

2. I am an attorney at Weintraub & Selth, APC ("WS"), attorneys of record for Rancho Malibu, LLC, the Debtor and Debtor-in-Possession in the above-captioned case (the "Debtor").

3. WS received no objections to plan confirmation.

4. On May 10, 2009, WS solicited acceptances of the Plan by mail on behalf of the Debtor. WS did not solicit acceptances before then.

## SUMMARY OF VOTES

5. The Plan contains 2 classes designated as Classes 1 and 2.

6. Class 1 consists of general unsecured claims. **Class 1 voted to accept the plan.**

7. Class 2 consists of the interest holder claims. **Class 2 is not entitled to vote.**

8. The Debtor received a total of 12 ballots for Class 1. Two votes were received after the deadline.

//
//
//
//
//
//

9. Attached hereto as **Exhibit A** is a table reflecting the number and dollar amount of ballots cast in each class and the actual ballots received by the Debtor.

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States and that this declaration was executed at Los Angeles, California on June 14, 2011.

_____
Daniel J. Weintraub

| In re: RANCHO MALIBU, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-18138-GM |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11766 Wilshire Blvd., Ste. 1170, Los Angeles, California 90025. A true and correct copy of the foregoing document: **CONFIRMATION MEMORANDUM IN SUPPORT OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION; DECLARATION OF DANIEL J. WEINTRAUB** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 14, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Stuart I Koenig    Skoenig@cmkllp.com
- David M Poitras    dpoitras@jmbm.com
- S Margaux Ross    margaux.ross@usdoj.gov
- James R Selth    jim@wsrlaw.net, charles@wsrlaw.net
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Daniel J Weintraub    dan@wsrlaw.net, charles@wsrlaw.net;erika@wsrlaw.net

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On n/a I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 14, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Delivery to Chambers of the Honorable Geraldine Mund, United States Bankruptcy Court, San Fernando Division

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 14, 2011 | Erika Hallrud | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1