```
 1 | Daniel J. Weintraub - Bar #132111
   | James R. Selth - Bar #123420
 2 | WEINTRAUB & SELTH, APC
   | 11766 Wilshire Boulevard, Suite 1170
 3 | Los Angeles, CA 90025
   | Telephone: (310) 207-1494
 4 | Facsimile: (310) 442-0660
 5 | Attorneys for Debtor
   | and Debtor-in-Possession,
 6 | RANCHO MALIBU, LLC
 7 |
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO DIVISION

| | |
|---|---|
| In re | Case No. 1:10-bk-18138-GM |
| RANCHO MALIBU, LLC, | Chapter 11 |
| Debtor. | **DEBTOR'S MOTION FOR ORDER DESIGNATING AND DISALLOWING BALLOT CAST BY BAMO, INC. PURSUANT TO 11 U.S.C. SECTION 1126(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN J. O'BRIEN** |
| | Date: [TO BE SET] |
| | Time: |
| | Place: Courtroom 303 |
| | 21041 Burbank Blvd. |
| | Woodland Hills, CA |

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:

Rancho Malibu, LLC, the Chapter 11 debtor and debtor in possession in the above captioned case ("Debtor"), hereby moves

1

1 the Court for an Order designating and disallowing the ballot cast
2 by BAMO, Inc. ("BAMO") in connection with the Debtor's Plan of
3 Reorganization pursuant to 11 U.S.C. Section 1126(e).
4     This Motion is brought pursuant to Bankruptcy Code Section
5 1126(e) on the grounds that BAMO has cast its ballot rejecting the
6 Debtor's Plan in bad faith in an attempt to extract better
7 treatment for BAMO's claim as opposed to the treatment afforded to
8 all unsecured creditors. Specifically, BAMO made repeated demands
9 for additional payment on account of its claim from non-Debtor
10 sources in order to obtain BAMO's affirmative vote on the Debtor's
11 Plan.
12    This Motion is supported by the Memorandum of Points and
13 Authorities, Declaration of John J. O'Brien, all pleadings on file
14 in this case and such evidence and argument as may be presented at
15 a hearing on the Motion.
16    **WHEREFORE,** Debtor respectfully requests that the ballot cast
17 by BAMO in connection with confirmation of the Debtor's Plan be
18 designated and disallowed because BAMO cast the ballot in bad
19 faith.
20 Dated: June 15, 2011         WEINTRAUB & SELTH, APC

22                              By _____
                                 Daniel J. Weintraub
23                               James R. Selth
                                 Attorneys for Debtor and
24                               Debtor-in-Possession,
                                 RANCHO MALIBU, LLC

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### GENERAL BACKGROUND

On May 10, 2011, the Court approved the Debtor's Disclosure Statement Describing Liquidating Plan of Reorganization (the "Disclosure Statement"). In accordance with the Court's Order Approving Disclosure Statement, acceptances of the Plan were solicited in a mailing to all creditors on May 10, 2011, which included a copy of the Plan, the approved Disclosure Statement and a ballot.

Under the Plan, the Debtor will distribute the $125,000.00 in cash proceeds which it received from the global settlement (the "RM Settlement"), reached with its former secured creditor, East West Bank ("EWB") whereby EWB foreclosed on the Debtor's real property asset (the "Property"). The RM Settlement was approved by the Court by the Order entered on December 16, 2010 (Docket No. 78). The Plan also provides that in exchange for the agreement of Weintraub Financial Services, REB Malibu, LLC ("REB"), and Manhattan Partners, LLC ("Manhattan") to not assert (a) administrative priority claims for the amounts advanced to fund the costs of administering the Debtor's Chapter 11 case, including without limitation attorneys' fees and costs of the Debtor's counsel, which totaled more than $160,000.00, or (b) general unsecured claims which total in excess of $2,600,000.00, the Debtor shall assign and transfer to REB and Manhattan, the Debtor's two members, all of the Debtor's right, title and interest in, to and arising out of all assets of every kind relating directly or indirectly to the development or land use

entitlements (if any) related to the Property formerly owned by the Debtor.

The Debtor's manager, Richard Weintraub, delegated the task of calling creditors to encourage them to vote to accept the Debtor's Plan and return their ballots in a timely manner to John J. O'Brien, a senior executive working for the Debtor's manager, Richard Weintraub. Mr. O'Brien had several calls with David Moulton, a co-founder and Managing Principal of BAMO, Inc. ("BAMO")[1]. As detailed in the declaration of Mr. O'Brien, Mr. Moulton made repeated demands that BAMO be provided with additional payments and/or better treatment than other unsecured creditors in exchange for its vote to accept the Debtor's Plan. Further, Mr. Moulton asserted that the Debtor's manager had separate resources that could be used to accomplish further payments to BAMO. BAMO then submitted a ballot rejecting the Plan and Mr. Moulton demanded additional payments from the Debtor's manager in order to change or withdraw BAMO's ballot.

## II.

### THE COURT HAS AUTHORITY TO DESIGNATE AND DISALLOW THE BALLOT CAST BY BAMO IN BAD FAITH

Pursuant to 11 U.S.C. § 1126(e), the Court may designate any entity whose acceptance or rejection of a plan was not in good faith. As a general rule, a ballot reflecting a vote of a creditor on a Chapter 11 plan will only be disallowed as potentially having been cast in bad faith if the voting claimant

---

[1] BAMO is an unsecured creditor with a claim filed (as secured) on October 14, 2010 in the amount of $297,123.39 (Claim No. 14-1).

4

1  (1) is using "obstructive tactics and hold-up techniques" to
2  extract better treatment for its claim as opposed to other
3  similarly situated claim holders in the same class; (2) cast its
4  vote "for the ulterior purpose of securing some advantage to which
5  the creditor would not otherwise have been entitled;" or (3) when
6  the motivation behind the vote is not one consistent with a
7  creditor's protection of its self-interest.  In re Kovalchick, 175
8  B.R. 863 (Bankr. E.D. Pa. 1994) citing, amongst others, In re
9  Marin Town Center, 142 B.R. 374 (Bankr. N.D. Ca. 1992).
10      The premise that a creditor voting in bad faith should have
11  its vote disallowed was established by the Supreme Court in Young
12  v. Higbee, 324 U.S. 204, 65 S.Ct. 594 (1945).  The Court in Young
13  held that stockholders that rejected a Plan in bad faith could
14  have their right to vote denied and specifically noted that bad
15  faith would be found where the purpose was to obstruct a fair and
16  feasible reorganization in the hope that someone would pay them
17  more than the ratable equivalent of the proportionate part of the
18  bankrupt assets.  *Id.* at 204.
19      Here, BAMO's principal clearly states his motive to extract
20  payments from Richard Weintraub in excess of what it is entitled
21  under the Debtor's Plan in exchange for an affirmative vote.
22  There is clearly the type of vote intended to be designated and
23  disallowed.
24  //
25  //
26  //
27  //
28  //

5

## III.

## CONCLUSION

Based upon the foregoing, Debtor respectfully requests that this Motion be granted and the Court enter an Order designating BAMO as an entity whose rejection of the Plan was not in good faith and disallowing the vote of BAMO, Inc. in connection with the Debtor's Plan.

Dated: June 15, 2011

WEINTRAUB & SELTH, APC

By _/s/_____
Daniel J. Weintraub
James R. Selth
Attorneys for Debtor and
Debtor-In-Possession,
RANCHO MALIBU, LLC

## DECLARATION OF JOHN J. O'BRIEN

I, John J. O'Brien, hereby declare:

1. I am over the age of eighteen and each of the facts contained in this declaration is based on my personal knowledge and if called as a witness, I could and would competently testify thereto.

2. I am employed as the Senior Vice President of the Weintraub Real Estate Group and I report to Richard Weintraub, manager of Rancho Malibu, LLC, the debtor in this case (the "Debtor").

3. At Mr. Weintraub's direction, I have made calls to certain creditors of the Debtor to follow up on ballots being cast by creditors on the Debtor's Plan of Reorganization (the "Plan").

4. BAMO, Inc. ("BAMO") is one of the Debtor's creditors. BAMO filed a proof of claim in the amount of $287,123.00.

5. I have had several discussions with David Moulton, co-founder and Managing Principal of BAMO regarding BAMO's vote on the Debtor's Plan.

6. On June 7, 2011, Mr. Moulton told me that BAMO would vote against the Plan unless BAMO received payments from Richard Weintraub in addition to those provided in the Plan. Mr. Moulton repeatedly stated that he thought that Mr. Weintraub had access to other resources to compensate BAMO in consideration for its affirmative vote.

7. On June 8, 2011, Mr. Moulton indicated that he would cause BAMO to vote to reject the Plan because he believed that such a position could result in a better offer from Mr. Weintraub.

1

8. On June 8, 2011, Mr. Moulton submitted his ballot rejecting the Plan via Federal Express to Debtor's counsel without informing me.

9. On June 9, 2011, after receipt of the ballot, Mr. Moulton told me that he would consider changing BAMO's vote or withdrawing BAMO's vote if Mr. Weintraub would "sleep on" considering what additional consideration could be provided to BAMO for this change.

10. I explained to Mr. Moulton on several occasions that the Debtor must treat all unsecured creditors in the same fashion.

11. Mr. Moulton stated to me that "we know Richard that can pay more outside the bankruptcy plan. My attorney is not a bankruptcy expert, but he told me that Richard can pay us out of different funds."

12. After I had advised Mr. Moulton that all funds available for distribution were provided in the Plan, Mr. Moulton indicated that his objective is to recover their true cost without profit including a modest allowance for attorneys' fees of $193,000 rather than the full amount owing in order to obtain BAMO's vote in favor of the Plan.

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States and that this declaration was executed at Malibu, California on June 14, 2011.

John J. O'Brien

| In re: RANCHO MALIBU, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-18138-GM |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11766 Wilshire Blvd., Ste. 1170, Los Angeles, California 90025. A true and correct copy of the foregoing document: **DEBTOR'S MOTION FOR ORDER DESIGNATING AND DISALLOWING BALLOT CAST BY BAMO, INC. PURSUANT TO 11 U.S.C. SECTION 1126(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN J. O'BRIEN** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 15, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Lance N Jurich   ljurich@loeb.com, kpresson@loeb.com
Stuart I Koenig   Skoenig@cmkllp.com
David M Poitras   dpoitras@jmbm.com
S Margaux Ross   margaux.ross@usdoj.gov
James R Selth   jim@wsrlaw.net, charles@wsrlaw.net
Derrick Talerico   dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
Daniel J Weintraub   dan@wsrlaw.net, charles@wsrlaw.net;erika@wsrlaw.net

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On June 15, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

BAMO, Inc.
c/o L. Peter Ryan, Esq.
MBV Law, LLP
855 Front St.
San Francisco, CA 94111

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re: RANCHO MALIBU, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-18138-GM |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 15, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

BAMO, Inc., c/o L. Peter Ryan, Esq. (via telefax)

Chambers of the Honorable Geraldine Mund, United States Bankruptcy Court, San Fernando Division (personal delivery)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 15, 2011 | Charles Speed | /s/ Charles Speed |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**